No. 24-1439

# In the United States Court of Appeals
## For the
## Fourth Circuit

DONALD BLACK, MARCIA BLACK, LARRY MARTIN, REBECCA MARTIN,
BARBARA THOMPSON, JAMES THOMPSON, FOR THEMSELVES AND A
CLASS OF SIMILARLY SITUATED PLAINTIFFS,

*Plaintiffs-Appellees,*

*v.*

MANTEI & ASSOCIATES, LTD.; RICKY ALAN MANTEI; CINDY CHIELLINI;
CENTAURUS FINANCIAL, INC.; J.P. TURNER & COMPANY, LLC,

*Defendants–Appellants.*

On Appeal from the United States District Court
for the District of South Carolina

**PLAINTIFFS-APPELLEES' BRIEF**

R. Walker Humphrey, II
WILLOUGHBY HUMPHREY
& D'ANTONI, P.A.
133 River Landing Drive, Suite 200
Charleston, South Carolina 29492
(843) 619-4426

Mitchell Willoughby
Margaret M. O'Shields
Hunter R. Pope
WILLOUGHBY HUMPHREY
& D'ANTONI, P.A.
930 Richland Street
Columbia, South Carolina 29201
(803) 252-3300

*Counsel for Plaintiffs–Appellees*

# TABLE OF CONTENTS

DISCLOSURE STATEMENT

TABLE OF AUTHORITIES ................................................................ ii

JURISDICTIONAL STATEMENT ..................................................... 1

STATEMENT OF ISSUES ................................................................. 1

STATEMENT OF THE CASE ............................................................ 1

SUMMARY OF ARGUMENT ........................................................... 9

STANDARD OF REVIEW ............................................................... 11

ARGUMENT .................................................................................... 12

I.   The District Court Correctly Found that Appellants' Second Removal
     was Objectively Unreasonable. .................................................. 12

     A.   Appellants' successive removal was objectively unreasonable
          because it was based on a legal theory which the district court
          already rejected. ............................................................... 13

     B.   Appellants cannot ignore or seek review of the district court's prior
          holding that they have no right to a federal forum to decide the
          issue raised for removal. ................................................... 17

     C.   The *Common Cause* factors do not apply here. ................... 19

     D.   Unusual circumstances are not required to award fees and costs. ........ 21

II.  The Class Representatives are Entitled to their Attorney Fees and Costs
     Incurred in Defending this Appeal. ............................................ 22

CONCLUSION ................................................................................ 25

STATEMENT ON ORAL ARGUMENT ............................................ 25

CERTIFICATE OF COMPLIANCE .................................................. 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casas v. Lickity Split Expediting, L.L.C.*,
 No. 23-10311, 2023 WL 8434174 (5th Cir. Dec. 5, 2023) ...............................16

*Common Cause v. Lewis*,
 956 F.3d 246 (4th Cir. 2020) ...........................................................*passim*

*Dean v. Daimler Chrysler Life, Disability & Health Care Benefits
 Program*,
 439 F. App'x 265 (4th Cir. 2011) ...............................................................13, 25

*Doe v. Am. Red Cross*,
 14 F.3d 196 (3d Cir. 1993) ...........................................................13

*Easley v. Collection Serv. of Nev.*,
 910 F.3d 1286 (9th Cir. 2018) ...........................................................22

*Env't Rsch. Ctr., Inc. v. Hotze Health Wellness Ctr. Int'l One, LLC*,
 850 F. App'x 572 (9th Cir. 2021) ...........................................................16

*Evans v. Eaton Corp. Long Term Disability Plan*,
 514 F.3d 315 (4th Cir. 2008) ...........................................................11, 12

*Fouad v. Milton Hershey Sch. & Sch. Tr.*,
 523 F. Supp. 3d 648 (S.D.N.Y. 2021) ...........................................................14, 17

*Garbie v. DaimlerChrysler Corp.*,
 211 F.3d 407 (7th Cir. 2000) ...........................................................22, 23

*Glover v. Williams*,
 No. 3:21-cv-00679-JMC, 2021 WL 4227545
 (D.S.C. Sept. 16, 2021) ...........................................................13

*Grayson O Co. v. Agadir Int'l LLC*,
 856 F.3d 307 (4th Cir. 2017) ...........................................................13

*Hunt v. Acromed Corp.*,
 961 F.2d 1079 (3d Cir. 1992) ...........................................................17

*In re Lowe*,
  102 F.3d 731 (4th Cir. 1996) ...............................................................1

*Martin v. Franklin Cap. Corp.*,
  546 U.S. 132 (2005).....................................................................21, 22

*McAfee v. Boczar*,
  738 F.3d 81 (4th Cir. 2013) ...............................................................11

*McKnight v. Cir. City Stores, Inc.*,
  14 F. App'x 147 (4th Cir. 2001) .........................................................11

*McPhatter v. Sweitzer*,
  401 F. Supp. 2d 468 (M.D.N.C. 2005) ...............................................14

*Midlock v. Apple Vacations W., Inc.*,
  406 F.3d 453 (7th Cir. 2005) .............................................................13

*Moore v. Permanente Med. Grp., Inc.*,
  980 F.2d 738 (9th Cir. 1992) .............................................................23

*Nationstar Mortg. LLC v. Baker*,
  No. 416CV00150ALMCAN, 2016 WL 9275010
  (E.D. Tex. Apr. 26, 2016) ..................................................................16

*Nigh v. Koons Buick Pontiac GMC, Inc.*,
  478 F.3d 183 (4th Cir. 2007) .............................................................23

*Ohio v. Wright*,
  992 F.2d 616 (6th Cir. 1993) .............................................................18

*JP ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va.*,
  641 F. Supp. 2d 499 (E.D. Va. 2009) .................................................22

*Plyler v. Evatt*,
  902 F.2d 273 (4th Cir. 1990) .............................................................23

*PNC Bank, N.A. v. Spencer*,
  763 F.3d 650 (7th Cir. 2014) ........................................................23, 24

*Prandini v. Nat'l Tea Co.*,
  585 F.2d 47 (3d Cir. 1978) ................................................................23

*Robertson v. Ball*,
    534 F.2d 63 (5th Cir. 1976) ...............................................................17

*Sanders v. Farina*,
    183 F. Supp. 3d 762 (E.D. Va. 2016) ................................................14

*Three J Farms, Inc. v. Alton Box Bd. Co.*,
    609 F.2d 112 (4th Cir. 1979) ..............................................................18

*Warthman v. Genoa Twp. Bd. of Trustees*,
    549 F.3d 1055 (6th Cir. 2008) ............................................................21

**Statutes**

15 U.S.C. § 77r(b)(1) ...............................................................................7

15 U.S.C. § 78bb(f)(1) .............................................................................8

28 U.S.C. § 1443(2) ..........................................................................19, 20

28 U.S.C. § 1447(c) .........................................................................*passim*

28 U.S.C. § 1447(d) .........................................................................*passim*

Securities Litigation Uniform Standards Act of 1998,
    Pub. L. 105-353, 112 Stat. 3227 ..........................................................2

**Other Authorities**

Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3739 .........................14

Fed. R. App. P. 32(f) ...............................................................................27

Fed. R. App. P. 34(a)(2(c)........................................................................25

## JURISDICTIONAL STATEMENT

This Court has appellate jurisdiction to review a district court's decision to award attorneys' fees under 28 U.S.C. § 1447(c). *See Common Cause v. Lewis*, 956 F.3d 246, 252 (4th Cir. 2020); *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996).

## STATEMENT OF ISSUES

1.    Did the district court abuse its discretion in finding Appellants' second removal of this case from state court was objectively unreasonable when it was based on a legal theory which the district court explicitly rejected when first remanding this case four years ago?

2.    Are the Class Representatives entitled to recover their attorneys' fees and costs incurred in successfully defending against Appellant's appeal of the fee award?

## STATEMENT OF THE CASE

Appellants Mantei & Associates, Ltd., Ricky Alan Mantei, Cindy Chiellini, J.P. Turner & Company, L.L.C., and Centaurus Financial, Inc. indiscriminately sold illiquid structured products to elderly investors without understanding the risks of the products or having sufficient systems in place to monitor their actions. *See* JA 700–737. Appellants bought and sold over $1 billion worth of these investments just for South Carolinians over the age of 50. JA 761–762. These transactions generated

1

nearly $30 million in fees for Appellants, JA 770–771, while their clients lost substantially more, *see* JA 768–769, 772–773.

Appellees Donald Black, Marcia Black, Larry Martin, Rebecca Martin, Barbara Thompson, and James Thompson (collectively, Class Representatives) filed the underlying class action on June 28, 2019, in the Lexington County, South Carolina Circuit Court. JA 104–136. They sought to vindicate their rights and those of all similarly situated South Carolina investors to whom Appellants sold these products. JA 106–109. At all times since the initial filing of this case, the Class Representatives intended to limit their claims to the sale of structured products which are not "covered securities" under the Securities Litigation Uniform Standards Act of 1998 (SLUSA), Pub. L. 105-353, 112 Stat. 3227. To this end, the Class Representatives included the following language in their original complaint:

> All of the Ripoff Products were debt securities exempt from registration pursuant to rules issued by the Securities and Exchange Commission under the Securities Act of 1933, were not issued by investment companies registered under or which have filed registration statements under the Investment Company Act of 1940, and/or otherwise did not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA").

JA 108, ¶5.

Despite this express limitation, Appellants removed the original complaint on the sole ground that SLUSA allegedly applied to four investments which they incorrectly claimed fell within the Class Representatives' proposed class definition.

*See generally* JA 1–8. The Class Representatives timely moved to remand, arguing that these four investments were not part of this case to the extent they qualified as covered securities under SLUSA. *See generally* JA 152–161. The district court denied the Class Representatives' original remand motion, interpreting the Class Representatives' attempt to exclude covered securities as a legal conclusion that the securities at issue are not covered. JA 301–306.

The Class Representatives then moved to amend their complaint to make it even clearer that they are excluding any product which qualifies as a covered security under SLUSA from the action rather than declaring that the subject products are not covered:

> Through this class action, the Named Plaintiffs only seek recovery for themselves and the Class Members for damages caused by products that do not qualify as "covered securities" for purposes of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The Named Plaintiffs hereby expressly exclude any Ripoff Products that otherwise meet the definition of a covered security from this action, and they reserve the right to seek recovery of damages related to covered securities through other action(s) in another forum.

JA 316, ¶ 5. They also added to the class definition language further clarifying that the class only includes the purchase of "a debt instrument (including, but not limited to structured certificates of deposit, principal protected notes, and corporate medium-term notes) that is not a 'covered security' under SLUSA." JA 334, ¶ 95.

Before ruling on the Class Representatives' motion to amend, the district court assumed, without deciding, that the Class Representatives' amendments would

eliminate federal question jurisdiction and directed the parties to submit arguments on whether the court could exercise supplemental jurisdiction over the case. *See* JA 520; *see also* JA 677. In urging the district court to exercise supplemental jurisdiction over this case, Appellants argued that

> the Amended Complaint's definition of the investments at issue will unquestionably require a court to decide which variable rate debt instruments with maturities greater than ten years that the putative class purchased are "covered securities" pursuant to SLUSA. **Simply put, the court that ultimately addresses the class allegations in the Complaint (or Amended Complaint) will be required to interpret SLUSA to determine whether the investments purchased by Plaintiffs are in fact "covered securities."** And, if this matter is remanded to state court, it will be the state court, and not a federal court, that interprets SLUSA's definition of "covered securities," and doing so despite Defendants' clear statutory right to have a federal court interpret SLUSA.

JA 530–531 (emphasis in original). And citing *Cyan, Inc. v. Beaver County Employees Retirement Fund*, 583 U.S. 416 (2018), as they do here (Br. at 8, 17, 18), Appellants argued that remand "would frustrate the objectives" of SLUSA and "allow [the Class Representatives] the opportunity to elude" the statute. JA 531. They concluded, "[t]his Court, not the state court, should decide whether [the Class Representatives] frustrate federal policy (and specifically the objectives of SLUSA[)]." *Id.*

On February 27, 2020, the district court granted the Class Representatives' motion to amend. JA 550. That same day, the Class Representatives renewed their motion for remand based upon the clarifications contained in the amended

complaint. JA 583–597. Appellants opposed the Class Representatives' motion and argued once again that they have a statutory right for a federal court to determine whether a product constitutes a covered security under SLUSA. *Compare* JA 527–541 (Appellants' briefing on supplemental jurisdiction) *with* JA 629–657 (Appellants' opposition to the Class Representatives' renewed motion for remand).

The district court rejected Appellants' arguments and remanded this case on July 31, 2020. JA 672–679. It first found that the complaint amendments "eliminate[] the possibility the suit will ever implicate a covered security." JA 677. And critically, the district court then held that determining whether a particular product is covered under SLUSA is *not* a federal question:

> Importantly, a state court is "an equally competent body . . . to make the preclusion determination" under SLUSA. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 645 (2006). Thus, the fact a court might need to make later preclusion determinations on individual products associated with the purportedly fraudulent acts is insufficient to create a federal question. Plaintiffs, thus, are correct; SLUSA no longer applies to the case.

JA 677. Closing the loop, the district court declined to exercise supplemental jurisdiction over that question.[1] JA 678–679. As the district court explained, "the

---

[1] Appellants' statement that "the court noted that it retained subject matter jurisdiction over the action even though the FAC had dismissed the 'covered security' claims," Br. at 9, misleadingly implies that the district court retained some jurisdiction to hear future disputes regarding covered securities. As of July 31, 2020, the district court fully relinquished all jurisdiction over this matter to the state court, including disputes over whether a particular product is a covered security.

mere fact a state court will make determinations of preclusion[] fails to implicate a federal policy requiring this Court to retain jurisdiction." JA 678–679.

Back in state court, the Class Representatives asked Appellants to admit or deny whether each product on a then-current list of structured products sold to the proposed class was a covered security. JA 3897–3990. The list of products included the 37 Barclays Bank PLC notes which formed the basis of Appellants' second removal. JA 3902–3905. Appellants served identical responses which did not admit or deny anything but, as is relevant here, quoted, reinforced, and adopted the district court's holding that whether a product is a covered security is a question of law for the *state court* to decide and not something they could admit or deny. JA 3934, 3938–3940, 3947.

Appellants' refusal to admit whether any product is covered or non-covered required the Class Representatives' expert, Craig McCann, Ph.D., to segregate the products when opining on damages. Dr. McCann is a 40-year veteran of the securities industry who, among his many credentials, has taught graduate investment management at Georgetown University and at the University of Maryland, College Park, and has been engaged by the Securities and Exchange Commission to testify in his expert capacity. *See* JA 775–797. In his report, Dr. McCann carefully distinguished between covered securities, which are not at issue, and non-covered

6

securities, which he termed the "Structured Notes at Issue."[2] JA 752, ¶ 12. Out of

the 477 structured products at issue, Dr. McCann excluded 222 because the products'

issuer was listed on a U.S. stock exchange, rendering them covered securities. JA

761; *accord* 15 U.S.C. § 77r(b)(1) ("A security is a covered security of such security

is—(A) a security designated as qualified for trading in the national market system

pursuant to section 78k-1(a)(2) of this title that is listed, or authorized for listing, on

a national securities exchange (or tier or segment thereof); or (B) a security of the

same issuer that is equal in seniority or that is a senior security to a security described

in subparagraph (A)."). Dr. McCann then limited his opinions to those products

which are not equal or senior to a US-listed security—non-covered securities under

SLUSA. JA 761, ¶34.

Appellants agree with Dr. McCann's exclusion of 222 covered securities from

his analysis. They just disagree with his inclusion of products from *one* issuer,

Barclays Bank PLC, as non-covered securities. *See* JA 3842–3843 (explaining the

nature of the Barclays Bank products, which are not traded on a national exchange).

But instead of submitting this dispute to the state court, as the district court's prior

ruling required, Appellants removed this action for a second time as the deadline for

---

[2] Appellants' allegation that Dr. McCann's report "plainly and unequivocally stated that covered securities are included in the securities at issue in this matter" therefore is demonstrably false. *See* JA 752, ¶ 12.

the Class Representatives to seek class certification approached.[3] *See* JA 3959.

Appellants removed again because, despite the clear law of the case, they "had the right—or at the very least a colorable argument that they had the right—to have the covered security analysis conducted in a federal forum." Br. at 18. Citing the district court's prior rejection of that argument, the Class Representatives promptly moved for an expedited remand and sought attorneys' fees and costs for having to defend against Appellants' objectively unreasonable successive removal. JA 3836–3853.

The district court granted the Class Representatives' motion for remand and for attorneys' fees and costs. JA 4035. As the court observed, "it appears as though [Appellants] ask the Court to revisit its prior ruling [remanding the case] so [they] can secure dismissal of this case in its entirety." JA 4040; *see also* 15 U.S.C. § 78bb(f)(1) (precluding covered class actions). It then found that Appellants "lacked a reasonable basis for removal" because "the Court has already addressed the issues raised." Specifically, the Court explained that:

> When the Court originally remanded this case, it contemplated the very scenario that has arisen here: the parties may, eventually, disagree over whether a particular investment is precluded under the SLUSA. It determined such a scenario would fail to divest the state court of jurisdiction or allow removal. *Yet, despite this clear holding, Defendants again removed the matter as soon as such a disagreement arose.*

---

[3] Notably, Defendants also removed this action on the very day that their expert witnesses' opinions were originally due to be disclosed. JA 3959.

JA 4041 (emphasis added). The Court thus ordered Appellants to pay the Class Representatives' attorneys' fees and costs related to their second motion to remand under § 1447(c), save for those incurred for their motion to strike Appellants' surreply opposing remand. JA 4041–4042. Following additional briefing on the amount of fees to award, the district court ordered Appellants to pay $62,827.50 in fees and costs. JA 4092.

Appellants filed this appeal on May 13, 2024, seeking this Court's limited review of whether the district court abused its discretion by finding Appellants' second removal lacked any reasonable basis. They have not challenged the amount or reasonableness of the fees and costs awarded. After Appellants commenced this appeal, the state court certified the underlying class as to each cause of action asserted in the First Amended Complaint. Order Certifying Class, *Black v. Mantei & Associates, Ltd.*, No. 2019-CP-32-2636 (S.C. Com. Pl. July 5, 2024). It also denied Appellants' motion for reconsideration of that order. Order Denying Defendants' Rule 59(e) Motion, *Black v. Mantei & Associates, Ltd.*, No. 2019-CP-32-2636 (S.C. Com. Pl. Aug. 7, 2024).

## SUMMARY OF ARGUMENT

Appellants argue they had an objectively reasonable basis to remove this case a second time because the law affords them a federal forum to air disputes over whether a product is a SLUSA covered security. Br. at 17–18. But they largely

9

bypass one critical fact: the district court previously rejected that *exact* argument when remanding this case the first time. *See* JA 677. This fact, which Appellants do not dispute, confirms that Appellants' second removal was premised on a non-reviewable argument which they had lost. It inescapably follows that the district court did not abuse its discretion in finding that Appellants lacked an objectively reasonable basis for their second removal.

Appellants cannot bury the lede and act as if the district court had not already rejected their argument. Nor can they rely on "comprehensive briefing," a "wide range of case law," or "compli[ance] with the statutory time limits" when reiterating this argument to suggest that the district court abused its discretion. Br. at 12. Appellants were bound by the district court's holding that these matters are for the state court to decide. *See* 28 U.S.C. § 1447(d); *see* JA 588–597, 662–670 (explaining the correctness of the court's ruling). So there is no "close question of law" supporting removal because there was no question for the court to consider. The district court already held that disagreements over whether a product is covered are for the state court's determination, not a federal court's. JA 677. And that ruling is final and could not be revisited. Appellants' second removal therefore was, on its face, a "multiple baseless attempt[] at removal." Br. at 14 (citing *Client Prot. Fund v. Hollis*, 412 F. App'x 597 (4th Cir. 2011)).

In sum, this meritless appeal is just another part of Appellants' scorched earth defense of this class action. While "[a] defendant is indeed entitled to use any litigation strategy that it desires and pursue an aggressive defense to achieve its goal," this Court has recognized that "the defendant cannot complain, and should not be surprised, when such a strategy increases the fees and expenses for which it may be held liable as a non prevailing party." *McKnight v. Cir. City Stores, Inc*., 14 F. App'x 147, 153 (4th Cir. 2001). The Court therefore should swiftly affirm the district court and award the Class Representatives their attorneys' fees and costs in connection with this appeal.

## STANDARD OF REVIEW

A district court's award of attorneys' fees and costs under § 1447(c) is reviewed for an abuse of discretion and can only be reversed "if the district court is 'clearly wrong' or has committed an error of law." *McAfee v. Boczar,* 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998)); *see also Common Cause*, 956 F.3d at 252 (citing *In re Lowe*, 102 F.3d at 733 n.2). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decision-maker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008). "The 'deference that is the hallmark of abuse-of-discretion review,' is

11

deference enough to appreciate reasonable disagreement." *Id.* (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997)).

## ARGUMENT

### I.    The District Court Correctly Found that Appellants' Second Removal was Objectively Unreasonable.

On a successful motion to remand, district courts are authorized to "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," § 1447(c), when the removing party lacked an objectively reasonable basis for removal, *see Common Cause*, 956 F.3d at 256.

In arguing the district court abused its discretion in finding they lacked an objectively reasonable basis to remove a second time, Appellants identify only one alleged error: "it was an abuse of discretion for the district court to award attorneys' fees based on a statement made in its previous remand order" that Appellants do not have a right to a federal forum to decide whether securities are covered under SLUSA. Br. at 11, 17–18. Beyond this, Appellants baldly state that Dr. McCann's report "created a relevant change in circumstances" which supported their "colorable, non-frivolous arguments" with "a wide range of case law." Br. at 16. But aside from rote incantation of these phrases, Appellants never explain how their legal theories were "colorable," "non-frivolous," and "supported by case law," how the relevant circumstances changed, or even how the district court erred beyond adhering to its prior ruling. *See* Br. 12–16. Appellants therefore waived any

additional grounds for reversal. *See*, *e.g.*, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to develop its argument—even if its brief takes a passing shot at the issue.") (cleaned up); *Dean v. Daimler Chrysler Life, Disability & Health Care Benefits Program*, 439 F. App'x 265, 266 (4th Cir. 2011) ("asserted but unanalyzed claims" are waived "because appellate courts do not sit as self-directed boards of legal inquiry and research, but rather as arbiters of legal questions presented and argued by the parties before them") (cleaned up).

This appeal thus presents only the narrow issue of whether the district court abused its discretion by finding that Appellants' second removal was objectively unreasonable because it hinged on an issue the court already rejected. And as to that issue, law and common sense readily compel affirming the district court.

**A.  Appellants' successive removal was objectively unreasonable because it was based on a legal theory which the district court already rejected.**

A second removal is "doubly frivolous" when it is used to obtain a second opinion on removability. *Midlock v. Apple Vacations W., Inc*., 406 F.3d 453, 456 (7th Cir. 2005). "Re-removal" therefore must be "on grounds different than the first removal" *Doe v. Am. Red Cross*, 14 F.3d 196, 200 (3d Cir. 1993); *see also Glover v. Williams*, No. 3:21-cv-00679-JMC, 2021 WL 4227545, at \*2 (D.S.C. Sept. 16, 2021) ("Successive removal is permitted when there is a relevant change in circumstances, when subsequent pleadings or events reveal new or different grounds for removal.");

13

*Fouad v. Milton Hershey Sch. & Sch. Tr.*, 523 F. Supp. 3d 648, 658 (S.D.N.Y. 2021) (noting that § 1447(d) prohibits a successive removal based on the same grounds as a prior removal). A defendant's failure to adhere to a district court's prior rulings can support a finding that a successive removal was objectively unreasonable, thus warranting fees. *Cf. Sanders v. Farina*, 183 F. Supp. 3d 762, 766 (E.D. Va. 2016) (awarding attorneys' fees where a defendants second removal action was premised on a basis that had already been "clear[ly] and repeatedly" ruled upon), *aff'd*, 669 F. App'x 184 (4th Cir. 2016); *see also McPhatter v. Sweitzer*, 401 F. Supp. 2d 468, 479 (M.D.N.C. 2005) (costs and expenses incurred as a result of an untimely second removal invoking SLUSA, which was substantially similar to the first, "should be borne by Defendants" because "they have forced Plaintiffs to come to federal court for a second time, which has complicated, delayed and increased the cost of their state court action"); *see also* Wright & Miller, 14C Fed. Prac. & Proc. Juris. § 3739 (Rev. 4th ed) ("After a case has been remanded to state court, a second notice of removal on the very same ground that led to the initial removal is likely to be rejected by the district court and may be considered to have been interposed in bad faith.").

The district court awarded the Class Representatives their attorneys' fees and costs because "the Court had already addressed the issues raised" in its first order remanding the case, and "despite this clear holding, [Appellants] again removed the matter." JA 4041 (emphasis added) (internal citations omitted). Appellants do not

dispute that the district court's prior order rejected the argument they raise here. Nor could they, as the order is clear and their briefing on the second removal was largely cribbed from their previous unsuccessful briefing. *Compare* JA 527–541 (Appellants' briefing on supplemental jurisdiction) *and* JA 629–657 (Appellants' opposition to the Class Representatives' renewed motion), *with* JA 680–692 (Appellants' second removal). Appellants also never explain how their second removal is not covered by the district court's prior mandate that the state court must decide whether a product is a covered security.

The most Appellants muster is a confusing argument that their first removal somehow *requires* a finding that they had an objectively reasonable basis to remove again. Br. at 16–17; *see also* Br. at 15–16 (arguing that the facts here are distinguishable from other cases because "[h]ere, the district court found that Appellants' first removal was proper, that federal jurisdiction was present, and that Appellants had 'an objectively reasonable basis for seeking removal.'"). But to get there, Appellants ignore that, between the denial of Plaintiff's first motion to remand and Appellants' second removal, the following happened: (1) the Class Representatives amended their complaint to clarify that they are excluding covered securities from this case, JA 554, ¶ 5; (2) the district court found that this exclusion was proper and eliminated any federal question jurisdiction, JA 677; (3) the court determined that the state court is equally competent to determine any disputes over

whether a particular product is covered, JA 677; (4) the court declined to exercise supplemental jurisdiction over these questions, JA 678; and (5) the court remanded the case after rejecting the same arguments raised here, JA 678. Appellants cannot wish away these events which dispense with their argument here.

Thus, Appellants' successive removal was objectively unreasonable considering the district court's original remand order. *See*, *e.g.*, *Env't Rsch. Ctr., Inc. v. Hotze Health Wellness Ctr. Int'l One, LLC,* 850 F. App'x 572, 573 (9th Cir. 2021) (affirming an award of attorney fees when defendant's second removal "merely argu[ed] the same grounds that the district court rejected the first time around"); *see also Casas v. Lickity Split Expediting, L.L.C.*, No. 23-10311, 2023 WL 8434174, at *4 (5th Cir. Dec. 5, 2023) (district court did not abuse discretion in finding defendant's removal was objectively unreasonable when defendant failed to heed district court's prior directions); *Nationstar Mortg. LLC v. Baker*, No. 416CV00150ALMCAN, 2016 WL 9275010, at *3 (E.D. Tex. Apr. 26, 2016), *report and recommendation adopted,* No. 4:16-CV-00150, 2016 WL 3180004 (E.D. Tex. June 8, 2016) (awarding fees because "[d]efendants sought the same relief, in the same court, for the same reasons—having already been advised by the Court that such reasons lacked merit"). The district court therefore did not abuse its discretion in finding Appellants' second removal lacked any objectively reasonable basis because it was based on arguments which the district court already rejected.

16

**B.      Appellants cannot ignore or seek review of the district court's prior holding that they have no right to a federal forum to decide the issue raised for removal.**

Appellants believe that they had a right to remove again because the district court was wrong the first time it remanded the case. *E.g.*, Br. at 18 ("The district court could not divest Appellants of this right to enlist a federal forum."). Going further, they fault the district court for *not* ignoring its original finding. Br. at 11 ("[I]t was an abuse of discretion for the district court to award attorneys' fees based on a statement made in its previous remand order."). But Appellants have it exactly backwards—the district court *had to* enforce its first remand order. The district court would have committed an error of law had it done what Appellants asked of it and revisited its prior holding.

A remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Section 1447(d) "prevent[s] delay in the trial of remanded cases by avoiding protracted litigation of jurisdictional issues." *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1082 (3d Cir. 1992); *see also Robertson v. Ball*, 534 F.2d 63, 66 n.5 (5th Cir. 1976) ("[O]nce the federal district court considers the proper factors and decides to remand, the action should go forward in state court without the further delay of appeal, and without regard to whether the federal district court was correct or incorrect."). Section 1447(d) therefore prohibits district courts from revisiting prior remand orders upon successive removals. *Fouad*, 523 F. Supp. 3d at 654–55.

> This rule of nonreviewability of remand orders, first enacted over one hundred years ago, is important to our system of federalism. Parties to state litigation should not be delayed by procedural fencing over the intricacies and perplexities of removal jurisdiction, and state courts should not be long interrupted in the conduct of their litigation by removal petitions. It makes no difference that the District Court may be wrong in its conclusions concerning jurisdiction or the plausibility of the federal defense asserted. The federalism principle overrides this concern.

*Ohio v. Wright*, 992 F.2d 616, 617 (6th Cir. 1993). This restriction ensures an action "must not ricochet back and forth depending on the most recent determination of a federal court." *Three J Farms, Inc. v. Alton Box Bd. Co.*, 609 F.2d 112, 115 (4th Cir. 1979) (quotation omitted).

The district court made two holdings which are non-reviewable by the district court or this Court: (1) that the First Amended Complaint automatically excludes covered securities from this case, and (2) that any disputes over whether a product is covered—and thus is in or out of the case—do not implicate SLUSA, do not raise federal questions, and are for the state court to decide. The district court could not have accepted Appellants' invitation to error and revisited the basis for its prior remand order. Because § 1447(d) and the case law interpreting it unequivocally reject the very foundation of the second removal, Appellants had no objectively reasonable basis to remove this case again.

**C.     The *Common Cause* factors do not apply here.**

In their attempt to evade the blunt force of the district court's prior rejection of the ground invoked for their second removal, Appellants devote most of their argument to conclusory assertions that their second removal "was premised on a colorable, non-frivolous legal theory and supported by case law." Br. at 15. But aside from repetitively chirping these buzz words, Appellants cannot explain how their legal theories were "colorable," "non-frivolous," and "supported by case law" when the first remand order explicitly foreclosed Appellants from raising them. *See generally* Br. 12–16. To mask this failing, Appellants primarily rely on *Common Cause* to argue that their removal was objectively reasonable because they "comprehensively briefed their argument," supported their "arguments—both substantively and procedurally—with a wide range of case law," "adhered to the statutory time limits," and "followed the district court's briefing schedule." Br. 15–16. But *Common Cause* is wholly inapplicable to the facts here.

*Common Cause* concerned whether it was an abuse of discretion to *deny* the plaintiffs' fee request or, in other words, whether it was an abuse of discretion to find that the defendants there had an objectively reasonable basis for removing the case. 956 F.3d at 255–57. Moreover, *Common Cause* did not involve a successive removal premised entirely on a legal argument already rejected by the district court, like Appellants' removal here. In that case, the defendants were the first parties to

19

ever remove an action under the Refusal Clause of 28 U.S.C. § 1443(2)— "a statute of 'exquisite obscurity.'" *Id.* at 253. It was the novelty of the issue in *Common Cause* that gave weight to the defendants' comprehensive briefing and wide range of supporting case law in supporting the district court's finding that the defendants "had an objectively reasonable—though weak and ultimately unsuccessful—basis for seeking removal." *See id.* at 257 ("Within our Circuit, indeed within North Carolina, there is precedent for a defendant to remove redistricting litigation to federal court under the Refusal Clause of § 1443(2)."). Likewise, it was the novelty of the issue that allowed the district court to determine that the defendants' strict adherence to the district court's *expedited* briefing schedule rebutted any indication that their ultimately unsuccessful removal was done solely for delay. *See id.*

On the other hand, and as noted above, Appellants here largely copied their "comprehensive briefing" and "wide range of case law" from their previous unsuccessful briefing on the Class Representatives' renewed motion to remand. *Compare* JA 527–541 (Appellants' briefing on supplemental jurisdiction) *and* JA 629–657 (Appellants' opposition to the Class Representatives' renewed motion), *with* JA 680–692 (Appellants' second removal). The removal basis here thus was not novel—it had been briefed and decided against Appellants before. And unlike in *Common Cause*, Appellants *opposed* resolving the Class Representatives' motion

20

for remand on an expedited basis. JA 3961. *Common Cause* simply does not support Appellants' effort to avoid the consequences of their actions.

**D.     Unusual circumstances are not required to award fees and costs.**

The Court should reject Appellants' apparent belief that fees and costs can be awarded only upon a finding of unusual circumstances. *E.g.*, Br. at 11 ("Additionally, unusual circumstances did not support an award of attorneys' fees."). Appellants again have it backwards: unusual circumstances are a reason to *not* award fees, not a prerequisite for them.

"*Absent unusual circumstances*, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). As the Supreme Court explained, "district courts retain discretion to consider whether unusual circumstances *warrant a departure from the rule in a given case.*" *Id.* (emphasis added); *see also Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1060 (6th Cir. 2008) ("*Martin* noted that Congress designed the costs-and-fees provision in § 1447(c) to permit removal in appropriate cases, while simultaneously reducing the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff.") (cleaned up).

As noted above, the district court did not abuse its discretion in finding Appellants' successive removal was objectively unreasonable. Because Appellants

do not argue that unusual circumstances compel a different result here, this Court need go no further.

## II.     The Class Representatives are Entitled to their Attorney Fees and Costs Incurred in Defending this Appeal.

"Unjustified removal complicates and extends litigation; the American Rule requires parties to bear their expenses in one set of courts, but when their adversary wrongfully drags them into a second judicial system the loser must expect to cover the incremental costs." *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 411 (7th Cir. 2000); *cf. Easley v. Collection Serv. of Nev.*, 910 F.3d 1286, 1291 (9th Cir. 2018) ("When a party is entitled to an award of attorney's fees in the court of first instance, as [debtor] was here, she is ordinarily entitled to recover fees incurred in successfully defending the judgment on appeal."). The Supreme Court has recognized that the power to award attorneys' fees and costs under § 1447(c) exists, in substantial part, because "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Martin*, 546 U.S. at 140. These awards are needed to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs upon the plaintiff." *Id.*

"[D]efendants facing statutes with fee shifting provisions assume the risk of raising attorneys' fee awards with appeals that do not render a suit unsuccessful." *JP ex rel. Peterson v. Cnty. Sch. Bd. of Hanover Cnty., Va.*, 641 F. Supp. 2d 499, 511

(E.D. Va. 2009) (citing *Nigh v. Koons Buick Pontiac GMC, Inc*., 478 F.3d 183, 188–89 (4th Cir. 2007)). "Because § 1447(c) is a fee-shifting statute, the plaintiffs as prevailing parties are presumptively entitled to recover the attorneys' fees incurred in defending their award." *Garbie*, 211 F.3d at 411. "Litigants who receive an award of fees in the district court under § 1447(c) *automatically* receive reimbursement for the expense of defending that award on appeal." *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 655 (7th Cir. 2014) (quoting *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 500 (7th Cir. 2012)) (emphasis added); *see also Moore v. Permanente Med. Grp., Inc*., 980 F.2d 738 (9th Cir. 1992) (remanding to the district court to award attorney's fees and costs incurred by plaintiffs in opposing defendants' appeal because they were "successful in defending the award of attorney's fees against Defendants' attacks on appeal"). This is because "[i]f an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased." *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir. 1978).

While this Court has yet to address this issue in the context of § 1447(c), it has found that a party was entitled to fees incurred on appeal in other circumstances when defending the fruits of an earlier victory which included an award of fees. *Plyler v. Evatt*, 902 F.2d 273, 281 (4th Cir. 1990). "If it seems harsh that litigants . . . might be forced to choose between paying additional fees and forsaking an appeal,

the complaint is more properly lodged with Congress than with the courts." *Nigh*, 478 F.3d at 189; *see also id*. ("When [the defendant] chose to appeal our initial ruling, it accepted responsibility for the reasonable attorneys' fees [plaintiff] would incur defending his judgment before the Supreme Court and in subsequent proceedings.").

Applying this Court's prior reasoning to these facts, the Class Representatives are entitled to their fees and costs in having to defend against Appellants' appeal because: (1) such fees and costs were incurred solely because of Appellants' improper removal; (2) they are related to the Class Representatives' bringing the motion to remand; and (3) Appellants should have known that such fees were recoverable on an unsuccessful appeal. The Class Representatives therefore are entitled to reimbursement for any fees and costs reasonably incurred in defending their award on appeal. Because Appellants do not question the reasonableness of the district court's original fee award, the district court is aptly suited to assess the limited issue of these fees and costs on remand.[4]

---

[4] The district court denied the Class Representatives' request for fees and costs incurred in connection with briefing the amount of the fee award because the court had preemptively limited its award to just fees and costs "related to Plaintiff's bringing the motion to remand." JA 4041. While the Class Representatives respectfully disagree with the district court's conclusion in this regard, it is not relevant to this appeal which concerns the underlying basis for removal and remand. And this Court also retains its own power to award fees and costs on appeal, which a sister circuit has characterized as "automatic[]." *PNC Bank*, 763 F.3d at 655.

## CONCLUSION

The district court correctly exercised its discretion in finding Appellants' second removal was unreasonable when as it was based on a legal theory the court already addressed and rejected in its first remand order. Only by ignoring the procedural history of this case and disregarding the non-reviewability of remand orders under § 1447(d) can Appellants hope for a contrary result. But in the end, Appellants cannot escape the facts and law which support, and indeed compel, the district court's award of fees and costs. Further, because Appellants continued to delay the underlying action and impose unnecessary costs on the Class Representatives through this appeal, this Court should remand to the district court only to assess and award the Class Representatives their additional attorneys' fees and costs incurred as a result of Appellants' appeal, including the Class Representatives' fees and costs incurred in demonstrating the amount to award.

## STATEMENT ON ORAL ARGUMENT

The Class Representatives request that this Court dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and oral argument would not aid the decisional process. Fed. R. App. P. 34(a)(2)(c); *see also Dean*, 439 F. App'x at 266.

Respectfully submitted,

WILLOUGHBY HUMPHREY & D'ANTONI, P.A.

_s/R. Walker Humphrey, II_
R. Walker Humphrey, II
133 River Landing Drive, Suite 200
Charleston, SC 29492
(843) 619-4426
whumphrey@whdlawyers.com

Mitchell Willoughby
Margaret O'Shields
Hunter R. Pope
930 Richland Street
Columbia, SC 29201
(803) 252-3300
mwilloughby@whdlawyers.com
moshields@whdlawyers.com
hpope@whdlawyers.com

August 8, 2024
Charleston, South Carolina

CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

   this document contains 6,193 words.

2. This brief complies with the typeface and type style requirements because:

   this brief has been prepared in a proportional spaced typeface using Microsoft Word in 14-point Times New Roman.

*s/R. Walker Humphrey, II*
R. Walker Humphrey, II

August 8, 2024